per curiam:
This case, argued orally, involves a decision by a presiding official in a Field Office of the Merit Systems Protection Board (MSPB), under the Civil Service Reform Act of 1978, that plaintiff had not taken a timely appeal to the MSPB from her removal ordered by her employer, the Department of the Air Force. After the Field Office’s ruling, *743 appellant Betty L. Martin filed a petition for review with the Board itself, but this petition was denied. We do not consider this refusal-to-review as a Board decision on the correctness of the presiding official’s ruling because the regulations so confine the Board’s discretionary power to review such rulings as to preclude our drawing that conclusion in this instance.[1]
Some time after the Board declined to review the presiding official’s decision in appellant’s case, the Board itself handed down (on November 24, 1980) its single opinion and order in three other consolidated cases dealing with the same general issue of waiver or excusable delay in the delayed filing of appeals to the MSPB from an agency’s adverse action. Alonzo v. Department of the Air Force, No. DA075209013; Coefield v. Department of the Navy, No. SF07509012; and Russell v. Department of the Interior, No. SF075209018. This consolidated opinion indicates that the Board was setting general criteria for all cases in which there was a request for waiver of the appeal time or a claim of excusable delay in appealing.
Because this opinion was issued after the presiding official’s determination in the present case and after the Board’s refusal to review that initial decision, we think it appropriate that this case be remanded to the Board for consideration, under its now governing criteria, of appellant’s claim that the time limit for appeal to the MSPB from the agency’s action should be waived in her case.
Accordingly, it is ordered that this case be remanded, under the first sentence of Rule 180(a), to the Merit Systems Protection Board for consideration, under its governing standards, of appellant’s claim that the time limit for appeal should be waived in her case. The court, of course, intimates no view either on the correctness of appellant’s claim that waiver should be allowed or on the merits of her claim that she was improperly removed. Nor *744 does the court make any suggestion as to the procedure for the Board’s new consideration of the waiver claim.

 5 C.P.R. § 1201.115 (1979) provides that the Board may grant a review petition when it is established that (a) new and material evidence is available that, despite due diligence, was not available when the record was closed; or (b) the decision of the presiding official is based on an erroneous interpretation of statute or regulation. The Board refused the appeal because of failure to meet these criteria. But the Board could very well have decided that these standards were not met, without passing on the correctness of the presiding officer’s particular decision on the specific facts before him.